UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA SHRADER,<br><br>    Plaintiff,<br><br>    v.<br><br>PAPE TRUCKS, INC.,<br><br>    Defendant. | Case No. 2:18-cv-00014-KJM-CKD<br><br><br>ORDER |

On May 3, 2019, defendant Pape Kenworth, Inc. moved to modify the operative scheduling order, Sched. Order, ECF No. 15,[1] noticing its motion for the court's next available law and motion calendar, June 28, 2019. Mot., ECF No. 17. Plaintiff Juanita Shrader opposes, Opp'n, ECF No. 19, and Pape filed a reply, Reply, ECF No. 20. On May 20, 2019, noting "discovery is set to close May 24, 2019 and expert reports are due on June 7, 2019 under the present scheduling order," Pape filed an ex parte application to have "the Court rule on the motion to modify the scheduling order on an ex parte basis because Defendant could not get a hearing date for the motion before the aforementioned critical pre-trial deadlines are triggered." Ex Parte App., ECF No. 21. Shrader opposes that request and "requests priority trial setting due to illness." Ex Parte Opp'n, ECF No. 22. Pape then responded to Shrader's opposition. ECF No. 23.

---

[1] The court previously accepted the parties' stipulation to extend deadlines in the court's initial scheduling order, ECF No. 13, resulting in the deadlines set forth in ECF No. 15.

1

I.    BACKGROUND

The court summarizes below, along with Shrader's responses, Pape's justification for the six-month extension it proposes in its motion. Because Pape merely repeats those justifications as the bases for expediting the court's resolution of its motion to amend the scheduling order, the court will not address the substance of ex parte request separately.

- Pape started to take Shrader's deposition on April 19, 2019, and that "deposition has not been completed because [Shrader] was unable to physically proceed through the examination . . . ." Mot. at 3; *see id.* at 6 (Pape was able to "cover[] most of the liability issues" but "was unable to examine [Shrader] about her damages"). Shrader represents that her deposition was completed on May 9, 2019 and questions Pape's decision to depose her for the first time just before the close of discovery. Opp'n at 2−3. Pape counters that it "intends to subpoena records Plaintiff has failed to note in her initial disclosures and move for a third volume of the deposition" and also argues Shrader produced new medical records at that deposition. Reply at 2, 3. Further, Pape argues Shrader's May 9, 2019 deposition will not be complete for its experts' review until the thirty days under Rule 30(e) have elapsed, interfering with the June 7, 2019 expert designations deadline. *Id.* at 7.[2]

- On April 23, 2019, a successor entity to Shrader's employer produced 800 pages of new records related to the maintenance history of the truck at issue, though Pape had subpoenaed these records from Shrader's employer in 2018. Mot. at 3−5. Shrader responds that this does not warrant an extension of deadlines because "by its own admission, Pape currently has possession of the records that it requested." Opp'n at 3.

- On April 25, 2019, Shrader produced cell-phone videos of condition in November 2015 of the truck at issue that she had not previously produced. Mot. at 3, 7. Shrader argues these videos are only "10 to 14 second long" and therefore can be reviewed quickly without modifying the scheduling order. Opp'n at 7. Pape argues that Shrader's "know[ledge] about the video since taking it in 2015" establishes good cause. Reply at 3.

---

[2] Under the current scheduling order, the expert discovery cut-off deadline is August 2, 2019. ECF No. 15 at 1.

- This case has required significant "interstate travel" to conduct depositions, Mot. at 3, and several depositions were set for May 2019. Mot. at 6, 7. Shrader notes Pape has been aware of these deponent's locations for almost two years but chose to schedule depositions shortly before the discovery deadline. Opp'n at 7−8. Pape responds that one deponent moved to Minnesota, requiring Pape to reschedule that deposition from its initial May 17, 2019 scheduled date. Reply at 4.

- This case was "transferred this year within defense counsel's office," and the two newly assigned attorneys' need to familiarize themselves with the case and complete a four-week trial in a separate case have delayed progress. Mot. at 3, 8. Shrader argues that Pape's "decision to transfer the case file to attorneys who had known, immediate trial conflicts does not present good cause," particularly without any showing the transfer was necessary. Opp'n at 8.

- Pape's defense experts need to inspect the truck at issue but Pape has not been able to locate the truck. Mot. at 8. Shrader argues that Pape has long known the truck is missing and cannot demonstrate diligence in locating it. Opp'n at 9.

II. LEGAL STANDARD

The court will modify dates set forth in a scheduling order only upon the moving party's showing of good cause. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The moving party must show it was diligent in its attempts to complete discovery and seek amendment in a timely manner. *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end." *Id.* (citations omitted).

III. DISCUSSION

Pape requested a six-month extension of the court's scheduling order, including the May 24, 2019 discovery deadline, on May 3, 2019. Long before that date, Pape was presumably aware that it had not taken numerous necessary depositions, many of which would require travel before May; that the truck at issue would need to be, but had not been, located; and that its transferee counsel would need to attend a four-week trial in a separate case. Pape makes no attempt to explain

why it could not have anticipated and made this request earlier and, in short, has not demonstrated diligence. Moreover, while Pape argues the court should consider this motion on an expedited basis "because Defendant could not get a hearing date for the motion before the aforementioned critical pre-trial deadlines are triggered," Ex Parte App. at 1, this is again a product of Pape's lack of diligence. This court's local rules require parties to notice motions for hearing "not less than twenty-eight (28) days after service and filing of the motion." E.D. Cal. R. 230(b). Pape filed its motion on May 3, 2019, only 21 days before the May 24, 2019 discovery deadline, and thus could not have had this motion heard before the first "critical" deadline regardless of the court's availability. *See* ECF No. 21-1 at 3 (email from Pape's counsel indicating Pape could not reserve a timely hearing date because "Judge Mueller's motion calendar was just too full."[3]). Further, despite not demonstrating diligence in pursuing this amendment, Pape's ex parte application asks this court, one of the most impacted in the nation in terms of average weighted caseload, to treat Pape's self-created scheduling issues as a priority. *Compare Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, No. 206-CV-02879-GEB-KJM, 2007 WL 3340935, at *2 (E.D. Cal. Nov. 9, 2007) (denying ex parte request to shorten time to hear motion to modify scheduling order where moving party had "not demonstrated circumstances that justify shortening the time for hearing Plaintiff's motion," including "not explain[ing] why it should not be considered the cause of its own predicament.").

Because Pape provides the same justification for both its ex parte application and its motion to amend, the court finds it most efficient to resolve them together: the ex parte application is DENIED and the motion to amend is DENIED. When appropriate, the court will set the trial date as early as possible but cannot at this point accommodate plaintiff's request for an expedited trial date, which is DENIED.

IT IS SO ORDERED.

DATED: June 6, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The court does not close calendar dates, regardless of how full they are.

4